IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                  Plaintiff,

    Vs.                                  No.  96-40082-02-SAC

DERRICK V. JOHNSON,

                  Defendant.

MEMORANDUM AND ORDER

In September of 2020, the defendant Derrick V. Johnson moved the court to grant compassionate release and reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i). ECF# 236. The government filed its response opposing the motion. ECF# 237. The court in October of 2020 entered a memorandum and order indicating that if it were to rule at that time, Mr. Johnson's motion would be denied for the several reasons outlined therein. ECF# 239, p. 17. One of those reasons looked at this court's decision in *United States v. Stewart*, No. 98-40097-01-SAC, 2020 WL 4260637, at *5 (D. Kan. Jul. 24, 2020), which had recognized the First Step Act's ("FSA's") elimination of stacking of 18 U.S.C. §  924(c) and the resulting drastic sentencing disparity for § 924(c) convictions to be considerations coming under a compassionate release determination along with the individual defendant's other circumstances. After *Stewart*, more federal district court decisions came down which persuasively disagreed with the approach taken in *Stewart*. As this court noted, Mr. Johnson was asserting that "the sentence disparity created by the FSA's elimination

of 924(c) stacking as his only possible extraordinary and compelling reason." ECF# 239, p. 17. Thus, instead of issuing a final order and triggering another appeal, the court laid out a procedural alternative to a final order. Mr. Johnson responded by filing an unopposed motion to stay the court's ruling pending the Tenth Circuit's ruling in *United States v. Maumau*, No. 20-4056. ECF# 240. The court granted this motion to stay. ECF# 241.

The Tenth Circuit recently filed its decision of *United States v. Maumau*, 993 F.3d 821, 826 (10th Cir. Apr. 1, 2021), affirming a district court's reduction of a defendant's 55-year sentence that included a 25-year mandatory minimum consecutive sentence from stacking second and third § 924(c) convictions which were part of the same prosecution as the first § 924(c) conviction. Concluding it had the discretion to determine if there was an extraordinary and compelling reason to reduce, the district court noted its concern with the length of Maumau's sentence and the First Step Act's recent elimination of consecutive stacking of § 924(c) convictions. 993 F.3d at 828. The district court ultimately held that, "'when considered together . . . Maumau's age, the length of sentence imposed, and the fact that he would not receive the same sentence if the crime occurred today all represent[ed] extraordinary and compelling grounds to reduce his sentence.'" *Id*. The government appealed arguing the district court lacked the authority to grant Maumau's request for a sentence reduction. 993 F.3d at 829-30.

The Tenth Circuit adopted the Sixth Circuit's three-step test used in *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020), for courts to apply in

2

deciding motions seeking compassionate release or sentence reductions under 18

U.S.C. § 3582(c)(1):

> "At step one" of the test, the Sixth Circuit held, "a [district] court must
> 'find[ ]' whether 'extraordinary and compelling reasons warrant' a sentence
> reduction." *Id*. at 1107-08 (quoting § 3582(c)(1)(A)(i)). "At step two," the Sixth
> Circuit held, "a [district] court must 'find[ ]' whether 'such reduction is
> consistent with *applicable* policy statements issued by the Sentencing
> Commission.'" *Id*. at 1108 (emphasis in original) (quoting § 3582(c)(1)(A)). "At
> step three," the Sixth Circuit held, "'§ 3582(c)[(1)(A)]' instructs a court to
> consider any applicable § 3553(a) factors and determine whether, in its
> discretion, the reduction authorized by [steps one and two] is warranted in
> whole or in part under the particular circumstances of the case.'" *Id*. (quoting
> *Dillon v. United States*, 560 U.S. 817, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271
> (2010)).

*Maumau*, 993 F.3d at 831. At step one, the Tenth Circuit held that district courts have

"the authority to determine for themselves what constitutes 'extraordinary and

compelling reasons,' but that" this discretion is "bounded" or "circumscribed" by

step two's requirement that the court find the sentence reduction to be consistent

with applicable policy statements. 993 F.3d at 832. The Tenth Circuit also rejected

the government's position on the binding nature of the Sentencing Commission's

policy statement § 1B1.1e and held "that the Sentencing Commission's existing policy

statement is applicable only to motions filed by the Director of the BOP, and not to

motions filed directly by defendants." 993 F.3d at 836-37 (citations omitted). Finally,

the Tenth Circuit did not agree that the district court had reduced the sentence solely

because it disagreed with the mandatory sentences under § 924(c) and with the length

of Maumau's sentence. 993 F.3d at 837. In affirming the district court, the Tenth

Circuit concluded:

> Rather, the district court's decision indicates that its finding of "extraordinary
> and compelling reasons" was based on its individualized review of all the
> circumstances of Maumau's case and its conclusion "that a combination of

3

factors" warranted relief, including: "Maumau's young age at the time of" sentencing; the "incredible" length of his stacked mandatory sentences under § 924(c); the First Step Act's elimination of sentence-stacking under § 924(c); and the fact that Maumau, "if sentenced today, ... would not be subject to such a long term of imprisonment." Aplt. App. at 191.

*Id*. (footnote omitted). In the footnote to this conclusion, the panel wrote:

We note, in passing, that the Fourth Circuit recently approved of the very type of individualized analysis that the district court in this case conducted. More specifically, the Fourth Circuit concluded that it was permissible for district courts to "treat[ ] as 'extraordinary and compelling reasons' for compassionate release the severity of the defendants' § 924(c) sentences and the extent of the disparity between the defendants' sentences and those provided for under the First Step Act." [*United States v.*] *McCoy*, 981 F.3d [271]at 286 [(4th Cir. 2020)].

*Id.*

The Tenth Circuit in *United States v. McGee*, 992 F.3d 1035, 1047 (10th Cir. 2021), also looked at the Fourth Circuit's decision in *McCoy* and quoted the following analysis from it before concluding it was both persuasive and applicable: "In sum, the Fourth Circuit concluded that it saw 'nothing inconsistent about Congress's paired First Step Act judgments: that not *all* defendants convicted under § 924(c) should receive new sentences, but that the courts should be empowered to relieve *some* defendants of those sentences on a case-by-case basis.' *Id.* (emphasis in original; quotation marks omitted)." The court in *McGee* further explained that a district court's finding of extraordinary and compelling reasons could be based in part on the disparity of mandatory sentences before the FSA, but that this mandatory sentencing circumstance, by itself, could not be the basis of a § 3582(c)(1)(A)(i) sentence reduction. 992 F.3d at 1048. "Instead, we conclude that it can only be the combination of such a sentence and a defendant's unique circumstances that

constitute 'extraordinary and compelling reasons for purpose of § 3582(c)(1)(A)(i)." *Id.*

Reading and applying *McGee* and *Maumau* together, the court understands it may consider the severity of the defendant's § 924(c) stacked sentences and the disparity with what the defendant's sentence would be today under the First Step Act, on an individualized, case-by-case basis, and it may find extraordinary and compelling reasons justifying a sentence reduction only when there are other circumstances in combination with the § 924(c) sentencing change.  Both sides here appear to articulate a similar understanding of these recent Tenth Circuit decisions.

Mr. Johnson asks for a sentence reduction based upon the First Step Act's elimination of the severe stacked § 924(c) sentence that he received in combination with the following circumstances individual to him, including the amount of time he has already served on his sentence, the significantly shorter sentence he would have received under the FSA, his young age at the time of the offenses, and his post-sentencing rehabilitation. The parties agree that based on *McGee* and *Maumau* this case turns on step three and the court making an individualized assessment of Mr. Johnson's circumstances under all applicable § 3553(a) factors and determining whether, in its discretion, the reduction authorized under steps one and two is warranted in whole or in part under the particular circumstances of this case.

"Between September 9 and October 21, 1996, Thomas W. Harris and his cohort, Derrick Johnson, committed seven robberies—three in the District of Kansas and four in the Western District of Missouri." *United States v. Harris*, 761 Fed. Appx.

852 (10th Cir. 2019)(unpublished). They were indicted in this court on three counts of Hobbs Act robbery, 18 U.S.C. § 1951, (Counts 1, 3, and 5) and three counts of violating 18 U.S.C. § 924(c), (Counts 2, 4, and 6) for using and carrying a firearm during and in relation to a crime of violence. Mr. Johnson pled guilty to Counts 1 through 3 and Counts 2 and 4. As the government points out in its memorandum, the PSIR describes the relevant conduct on these offenses to include that the defendant Johnson raped one victim, sexually battered other victims, and ordered three other victims to disrobe. At the time of sentencing, Mr. Johnson denied participating in three of the robberies and minimized his involvement in the other robberies. He also adamantly denied raping and sexually assaulting any victims.

When he was sentenced in February of 1999, Mr. Johnson was 26 years old. The court sentenced him to 468 months or 39 years of imprisonment and three years of supervised release. Broken down by offenses, Mr. Johnson's sentence was 168 months, or the bottom of the guideline range, for the Hobbs Act counts with the terms running concurrently; 60 months for the first § 924(c) count to run consecutively; and 240 months for the second § 924(c) count to run consecutively to all counts. ECF# 174. The court also ordered restitution in the amount of $7,437.93. Mr. Johnson took no direct appeal but later filed a 28 U.S.C. § 2255 motion for relief under *Johnson v. United States*, 576 U.S. 591 (2015). ECF# 188. The district denied the § 2255 motion, (ECF# 214), and the Tenth Circuit affirmed the denial of relief (ECF# 232).

Counsel for Mr. Johnson sent a written Compassionate Release Request to the Warden of FCI Petersburg Medium on July 28, 2020, based on the

"extraordinary and compelling circumstances" that the First Step Act "rejected the judicially-created rule of stacking multiple" § 924(c) convictions, and if sentenced today, his sentence for the two § 924(c) convictions would have been ten years, not 25 years, and his total sentence would have been 288 months, not the 468 months he received. ECF# 236-1, p. 1. Mr. Johnson asked for a reduction of his sentence to time served or, at least, to the 288-month term of imprisonment consistent with the First Step Act. Mr. Johnson's request pointed to the additional factors of his completion of a GED, his lack of disciplinary incidents for the last five years, and his participation in prison programs. Mr. Johnson calculated that as of October of 2020, he would have served 288 months without any good time credit. Waiting thirty days without the Warden responding and bringing a motion on his behalf, Mr. Johnson appropriately filed his own motion under 18 U.S.C. § 3582(c)(1)(A).

As he originally argued, Mr. Johnson's extraordinary and compelling reasons are "primarily because of the disparity between the 468-month sentence . . . [he] received in 1999 and the much lower 288-month sentence he would face today." ECF# 236, p. 3. When sentenced in 1999 on his two § 924(c) convictions, they were stacked resulting in consecutive sentences of five years for the first conviction and 20 years for the second conviction. He notes that the First Step Act drastically reduced § 924(c) sentences with the elimination of stacking and that this results in a gross disparity between the former mandatory sentences and those now imposed under the FSA. If sentenced today, Mr. Johnson would receive a sentence of 288 months with five-year consecutive terms (10 years total) for each of the two § 924(c) convictions rather than the mandatory 25-year term he received for the same convictions.

7

According to the inmate data supplied by him, Mr. Johnson's projected release date is April 17, 2031, which means he still has almost 10 years remaining on his sentence. ECF# 236-4.

Among the other circumstances involved in this individualized determination of his case, Mr. Johnson points to the following. He was just 24 years old when he committed the offenses. Based on the supplied inmate data, Mr. Johnson appears to have served approximately 24.5 years of his sentence which means he has spent half of his life serving this sentence. Of his total sentenced term of imprisonment, he has served over 60% of it. If he had received the lower sentence of 288 months or 24 years, he would have completed this term and more considering good time credit. While acknowledging disciplinary problems during the early years of his imprisonment, Mr. Johnson points to no recent problems within the last six years. As for rehabilitation, Mr. Johnson has obtained his GED, works in the recreation department, and has earned a good evaluation. His exhibits also show he has completed 16 education courses over the length of his imprisonment. Finally, Mr. Johnson submits a five-page handwritten letter in which he recounts his regrets, his self-discovery through programs addressing anger and substance abuse, the maturing of his thoughts and attitudes, his work as a recreation commissioner in the facility, and his positive outlook for becoming a productive and responsible citizen. He denies being a danger to society and seeks to resume ties with his family living in Kansas City. Mr. Johnson asks for a reduction to time-served or to a lesser term based on the court's discretion as warranted by the individual circumstances of this case.

The government in opposing the requested sentence reduction points out the following. The serious and violent nature of Mr. Johnson's criminal conduct cannot be overlooked nor its terrible impact on the victims, particularly the rape victim who recounted at the time of sentence that her life had been changed forever because of the violent rape. The plea bargain and expected sentence were intended to reflect the gravity of Mr. Johnson's violent conduct as well as his attitude at sentencing when he continued to deny or minimize his involvement and failed to take responsibility for his actions. While incarcerated, Mr. Johnson was repeatedly disciplined for refusing work orders and disobeying orders through 2008. In 2013, he was disciplined for using drugs/alcohol, and in 2015 for possessing drugs/alcohol. Mr. Johnson does not participate in the Financial Responsibility Program and has paid little toward his felony assessment and restitution obligations. The government disputes that Mr. Johnson has availed himself of educational opportunities in prison having taken only 16 courses over 24 years and taking no courses during 2000-2003, 2005-2010, 2011, 2013-2017, 2019, and 2021. Thus, Mr. Johnson overstates his situation in saying he has productively used his time in prison to prepare for a successful reentry into society. Finally, the government emphasizes that a sentence reduction here would "undervalue[] the gravity of" Mr. Johnson's crimes and would "severely minimize[] the seriousness of the particularly heinous acts that he performed on the victims who must continue to live with the trauma inflicted upon them." ECF# 250, p. 10. The government asks the court to deny Mr. Johnson's request for compassionate release as the § 3553(a) factors do not weigh in the defendant's favor.

The court has reviewed all material submitted and every argument made by the parties. The court fully appreciates that the FSA's elimination of the § 924(c) stacking means that if Mr. Johnson were sentenced today consistent with the other terms of his sentence, then his sentence would be shorter by 15 years which is a substantial difference. Unlike his co-defendant Mr. Harris who did receive a sentence reduction under § 3582(c)(1)(A)(i), Mr. Johnson has not served over 80% of his original sentence, has not effectively served approximately 95% of his sentence considering good time credit, and has not requested to serve the 18-month balance of his sentence by home confinement. ECF# 246, pp. 7-8. There are other distinguishing circumstances between Mr. Johnson and Mr. Harris which factor into the court's discretion here. Following Tenth Circuit precedent, the court fully accepts that the length of Mr. Johnson's sentence as well as the disparity created by the FSA's elimination of § 924(c) stacking justify taking a full and individualized look at all the circumstances of this case and considering them in combination determine whether there are extraordinary and compelling reasons for a sentence reduction here.

The court agrees the defendant was a younger man when he committed the offense, but his prison disciplinary record confirms his problems accepting authority continued well after he turned 30 years of age. This cuts against giving a lot of weight to the argument that his criminal activities were primarily attributable to his immature age. Unlike the criminal conduct of Mr. Harris, there are horrible aggravating circumstances with Mr. Johnson's involvement. The raping and sexually attacking of victims during the robberies are not something this court can write off as having been exclusively addressed in his 168-month sentence on the Hobbs Act

convictions. The court agrees with the government that the total length of Mr.

Johnson's sentence corresponds with the seriousness of the offenses particularly

considering these aggravating circumstances. The need for justice is certainly

important here based upon the harm done to the victims as they have expressed it. In

the absence of the stacked mandatory § 924(c) convictions, these circumstances could

have justified the court in using the upper end of the guideline sentencing range

and/or imposing consecutive sentences for one or more of those Hobbs Act

convictions. When dealing with mandatory sentencing provisions, a sentencing court

in arriving at an appropriate total sentence under the guidelines necessarily exercises

discretion where it can be found. In short, the court is persuaded by the government's

arguments that a sentence reduction here would run counter to reflecting the

seriousness of the offenses and providing just punishment.

      Nor does Mr. Johnson's record of participating in educational courses

and working at the institution move this case into what the court would regard as

having extraordinary and compelling reasons for a sentence reduction. Not only has

his participation been irregular and less than full, but his submitted records do not

confirm that he has worked as a recreation commissioner or official for an extended

and noteworthy time. Unlike his co-defendant Mr. Harris, Mr. Johnson did not

participate in extended apprenticeships and did not complete recent or regular course

work toward vocational training. The court has considered Mr. Johnson's letter and

the personal words he shares there, particularly his openness for needing and pursuing

new directions in his life. The court also finds encouraging Mr. Johnson's 2020 work

evaluation with the positive marks and comments. But less encouraging is his record

of participating in the financial responsibility program. In its discretion, the court cannot say, however, that Mr. Johnson's post-sentencing conduct, including his GED, and rehabilitation as evidenced by his records at this time are of the nature and degree that in combination with all the circumstances, including the § 924 sentences, warrant a sentence reduction here.

In conclusion, the court does not believe the defendant's unique circumstances, including the § 3553(a) factors, as discussed above, in combination with the severe and disparate stacked § 924(c) sentences, do not constitute extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)(i). As Chief Judge Tymkovich noted in his concurring opinion in *Maumau*, "[c]ases in which those circumstances warrant a finding of 'extraordinary and compelling reasons' should be relatively rate." 993 F.3d at 838. In its discretion, this court cannot say that Mr. Johnson's circumstances are relatively rare as to be called extraordinary and compelling.

IT IS THEREFORE ORDERED that the defendant Johnson's motion to grant compassionate release and reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (ECF# 236) and his supplement in support of his motion (ECF# 249) are denied.

Dated this 3rd day of June, 2021, Topeka, Kansas.


/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge